# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**JONATHON BRIAN KELLY,**

    Petitioner,

v.

**BRANDON KELLY**,

    Respondent.

Case No. 3:17-cv-01054-SU

**OPINION AND ORDER**

Kristina Hellman, Assistant Federal Public Defender, Office of the Federal Public Defender, 101 SW Main Street, Suite 1700, Portland, Oregon 97204. Attorney for Petitioner.

Ellen F. Rosenblum, Attorney General, and Samuel A. Kubernick, Assistant Attorney General, Oregon Department of Justice, 1162 Court Street NE, Salem, Oregon 97301. Attorneys for Respondent.

**IMMERGUT, District Judge.**

This case is before this Court on Petitioner's Amended Petition for Writ of Habeas Corpus. ECF 26. Petitioner challenges his convictions for two counts of first degree robbery, one count of second degree robbery, and one count of burglary (ECF 17-1 at 2), claiming that his convictions and sentence were the product of ineffective assistance of counsel. ECF 53.

On August 26, 2019, Magistrate Judge Patricia Sullivan issued her Findings and Recommendation ("F&R") in this case. ECF 61. Magistrate Judge Sullivan recommended that

this Court deny Petitioner's Amended Petition for Writ of Habeas Corpus (ECF 26), dismiss the case with prejudice, and decline to issue a certificate of appealability.

Under the Federal Magistrates Act ("Act"), as amended, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's F&R, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. But the court is not required to review, *de novo* or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*," whether *de novo* or under another standard. *Thomas*, 474 U.S. at 154.

Petitioner timely filed objections to the F&R, ECF 66, to which Respondent replied, ECF 67. Accordingly, this Court has reviewed *de novo* those portions of Magistrate Judge Sullivan's F&R to which Petitioner objected. As set forth below, this Court agrees with Magistrate Judge Sullivan's conclusions and ADOPTS the F&R, supplemented as follows.

## SUPPLEMENTAL ANALYSIS

Petitioner's objections raise three primary claims of error. First, Petitioner argues that the post-conviction relief ("PCR") court's decision on his claim of ineffective assistance of counsel for failing to file a motion to suppress was "objectively unreasonable" and therefore should be reviewed *de novo* and without the deference required by 28 U.S.C. § 2254(d). ECF 66 at 1–2. Relatedly, Petitioner asserts that both the PCR court and then Magistrate Judge Sullivan misstated and misapplied the prejudice test of *Strickland v. Washington,* 466 U.S. 668 (1984). *Id.* at 2. Second, Petitioner asserts that the PCR court failed to address his ineffective assistance of

PAGE 2 – OPINION AND ORDER

counsel claim based on trial counsel's alleged failure to raise an objection under O.E.C. 403 to evidence of Petitioner's gang affiliation. *Id*. at 2–4. Finally, Petitioner objects to Magistrate Judge Sullivan's recommendation that this Court deny Petitioner a certificate of appealability ("COA"). *Id*. at 4–5.

**A. Motion to Suppress**

In Petitioner's first objection, he challenges Magistrate Judge Sullivan's application of the deferential standard of review set forth in 28 U.S.C. § 2254(d). *Id.* at 1–2. Petitioner argues that because the PCR court's rejection of his ineffective assistance of counsel claim was an unreasonable application of clearly established federal law, Magistrate Judge Sullivan should have reviewed the PCR court's decision under a *de novo* standard. *Id*. Petitioner asserts that the PCR court's decision was objectively unreasonable in (1) applying a sufficiency of the evidence test rather than *Strickland's* "reasonable probability the result of the proceeding would have been different" standard (objection three), and (2) finding that the failure to move to suppress the PlayStation evidence was not prejudicial under *Strickland* (objection two). *Id.*

It is well-established that this Court's review is *de novo* if a state PCR court unreasonably applies clearly established federal law. *Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014); *Rodriguez v. McDonald*, 872 F.3d 908, 918 (9th Cir. 2017); *Mann v. Ryan*, 828 F.3d 1143, 1152 (9th Cir. 2016). In the instant proceeding, the PCR court's application of the prejudice prong of *Strickland* was not objectively unreasonable. Although the PCR court stated that there was "sufficient other evidence" to easily support the conviction when concluding that Petitioner did not suffer prejudice, ECF 17-1 at 645, it does not appear to this Court that the PCR court was in fact applying the constitutional standard for sufficiency of the evidence. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (holding that evidence is sufficient to support a conviction whenever, "after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact

PAGE 3 – OPINION AND ORDER

could have found the essential elements of the crime beyond a reasonable doubt"). Indeed, the PCR court made no reference to that constitutional standard. *See* ECF 17-1 at 645.

Instead, the PCR court found that counsel's failure to file a timely motion to suppress the PlayStation evidence constituted "inadequate represent[ation]," but that there was "no prejudice" as the PlayStation was "the only evidence likely to have been excluded." *Id.* The PCR court reasoned that there was "sufficient other evidence to easily support [the] conviction." *Id.* The PCR court's use of the word "sufficient" does not detract from the PCR court's clear determination that based on the totality of the evidence, the absence of the PlayStation evidence would not have had a tendency to affect the outcome of the trial.

In any event, even if *de novo* review were warranted based on the PCR court's imprecise language, this Court finds that Petitioner has failed to demonstrate that there is a reasonable probability that the outcome would have been different. *See Strickland*, 466 U.S. at 694. In evaluating proof of prejudice, this Court "must consider the totality of the evidence" before the jury. *Id.* at 695. "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.* at 696.

A review of the record in the instant case reveals that overwhelming evidence of Petitioner's guilt was presented at trial. Both victims identified Petitioner as the person who stole items from them at gunpoint. ECF 17-1 at 80–107, 128–44. Petitioner's co-defendant testified about her involvement in the robberies and the fact that, on orders from the Petitioner, she sold one of the stolen PlayStation video games at a video game store on the same day as the robbery. *Id.* at 269–71. The video game store's manager provided corroborating testimony and a record of that sale. *Id.* at 303–04. Further evidence included testimony from Mr. Wiley, who drove Petitioner, his infant child, and the child's mother out of the area a few days after the robbery.

PAGE 4 – OPINION AND ORDER

*See id.* at 149–62. The evidence also included testimony from an Oregon State Police scientist that a gun similar to the one Petitioner used to threaten the victims was found in Mr. Wiley's garage, and that Petitioner's fingerprints were discovered on bullet cartridges found next to the gun. *Id.* at 227–31, 308–32. Given the extensive evidence presented against Petitioner on the robbery charge, there is no reasonable probability that the outcome of the trial would have been different even if trial counsel had successfully moved to suppress the PlayStation evidence.

For the same reason, this Court finds the portion of Petitioner's second objection, arguing that Magistrate Judge Sullivan misstated the *Strickland* test for prejudice, unavailing. ECF 66 at 2. Magistrate Judge Sullivan's F&R correctly identifies and cites *Strickland*'s prejudice inquiry, requiring a "reasonable probability that . . .the result of the proceeding would have been different" absent counsel's errors. ECF 61 at 10 (quoting *Strickland*, 466 U.S. at 694). Her F&R further notes that "[a] reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial." *Id.* (citing *Strickland,* 466 U.S. at 696). The F&R then details the extensive evidence that the prosecution presented at trial, including evidence of stolen video games from the PlayStation console. *Id.* at 11–13. Although Magistrate Judge Sullivan may have truncated her conclusion by not repeating the requirement of a "reasonable probability" for the prejudice inquiry, she found that based on all of the evidence of Petitioner's guilt, "the outcome of the trial would not have been different." *Id.* at 13. This Court agrees.

As to the remaining portion of Petitioner's numbered objection two, Magistrate Judge Sullivan properly held that the non-unanimous jury verdict did not demonstrate weakness of the State's case as the test for prejudice is an objective one and does not depend on the idiosyncrasies of the particular decisionmaker. *Strickland*, 466 U.S. at 695; *see also White v. Ryan*, 895 F.3d 641, 670–71 (9th Cir. 2018) (holding that the PCR court erred by applying a

subjective test of prejudice). Hence, "[t]he assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision." *Strickland*, 466 U.S. at 695. Because the test for prejudice is an objective standard, Petitioner's contention that there was a non-unanimous jury verdict has no bearing.

## B.  Gang Affiliation Evidence

In objection four, Petitioner asserts that because the PCR court did not rule on the substance of the claim he advanced—that trial counsel failed to make a specific objection under O.E.C. 403—Magistrate Judge Sullivan erred in affording it deference under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF 66 at 2–3.

Petitioner's argument before the PCR court was that trial counsel did not ask the trial court to engage in balancing under O.E.C. 403 or assert that the evidence was "'unfairly' prejudicial."[1] ECF 17-1 at 565. More specifically, Petitioner asserted that with respect to the gang affiliation evidence, competent counsel would have requested that the trial court conduct balancing under O.E.C. 403, would have timely objected and moved to strike the evidence during trial, and would have requested a mistrial. *Id.* at 567. In opposition, the State argued that trial counsel did object on those grounds, specifically claiming the gang affiliation evidence is "prejudicial," but that counsel's objection was not sustained by the court. *Id*. at 600. The State further asserted that after trial counsel raised an objection to the evidence as prejudicial in her motion *in limine* and the trial court denied the motion, she was not required to continue to make frivolous or unsuccessful arguments. *Id*. at 601.

---

[1] In Petitioner's opening brief on direct appeal, Petitioner stated that trial counsel moved to exclude gang affiliation evidence on the ground that such evidence was "irrelevant and unduly prejudicial." ECF 17-1 at 441.

PAGE 6 – OPINION AND ORDER

In light of the arguments made by the parties, the PCR court's shorthand decision "Att did object to gang evidence. Ct. allowed. Preserved for appeal" is properly construed as a ruling that trial counsel raised an O.E.C. 403 objection. *Id.* at 645. This construction is supported by the PCR court's finding that the issue was "[p]reserved for appeal." *Id*.

In objection five, Petitioner claims that the PCR court's factual determination that counsel raised an O.E.C. 403 objection was an unreasonable determination of the facts under § 2254(d)(2). Again, based on the arguments made in the underlying briefs and at the PCR hearing, the issue of whether trial counsel raised an O.E.C. 403 objection was presented and ruled on by the PCR court, just in shorthand. *See id.* at 645.

Even if it were an objectively unreasonable determination of the facts for the PCR court to hold that trial counsel raised an O.E.C. 403 objection, this Court would need only apply the prejudice prong of *Strickland de novo*. As noted above, whereas the evidence of Petitioner's guilt presented at trial was extensive, the evidence of Petitioner's possible gang affiliation was very limited and not inflammatory. For example, Mr. Wiley's testimony was only that "he had been told" that Petitioner belonged to the Crips gang. *Id.* at 170–71. Mr. Wiley did not testify about any of Petitioner's activities as an alleged member of the Crips, or describe the gang or any of its activities. *See id*. This Court finds that even if trial counsel had successfully objected to Mr. Wiley's testimony about Petitioner's possible gang affiliation, there was not a reasonable probability that the outcome of Petitioner's trial would have been different.

In objection six, Petitioner takes issue with Magistrate Judge Sullivan's conclusion that the failure to raise a lack of foundation objection was a strategic decision that did not fall below an objective standard of reasonableness. ECF 66 at 3–4. When considering an ineffective assistance claim, this Court's scrutiny of counsel's performance is highly deferential, and the

Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (quoting *Strickland*, 466 U.S. at 689); *see Harrington v. Richter*, 562 U.S. 86, 104 (2011). Magistrate Judge Sullivan's F&R correctly recognizes that by objecting to the lack of foundation, counsel ran the risk that the State could have cured the foundational defect, thereby highlighting the gang affiliation evidence to the jury. ECF 61 at 15. Moreover, this Court finds that even if counsel's decision not to raise a lack of foundation objection fell below the objective standard of reasonableness, Petitioner's claim does not meet the prejudice prong of *Strickland* on *de novo* review. Again, based on the extensive evidence of Petitioner's guilt and the very limited evidence presented of Petitioner's possible gang affiliation, there was "nothing more than a theoretical possibility" of a different verdict. *See Richter*, 562 U.S. at 112. As such, this Court finds that even if trial counsel had raised a lack of foundation objection, there is no reasonable probability that the outcome of the trial would have been different.

C. Certificate of Appealability

Finally, Petitioner objects to the recommendation that this Court deny a certificate of appealability ("COA"). ECF 66 at 4. Pursuant to 28 U.S.C. § 2253(c), this court should issue a COA "only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). This Court agrees with Magistrate Judge Sullivan's conclusion that Petitioner has failed to make such a showing.

## CONCLUSION

This Court has reviewed *de novo* the portions of Magistrate Judge Sullivan's Findings and Recommendation to which Petitioner objected. Upon review, this Court agrees with Magistrate Judge Sullivan's recommendation and ADOPTS the Findings & Recommendation,

PAGE 8 – OPINION AND ORDER

ECF 61. The Amended Petition for Writ of Habeas Corpus, ECF 26, is DENIED. This case is DISMISSED with prejudice. This Court DECLINES to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED**.

DATED this 30th day of January, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge